**UNITED STATES**

v.

Private (E-1) Anthony COUSER, 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, US Army, Company D, 1st Battalion, 1st Basic Combat Training Brigade, Fort Gordon, Georgia.

**SPCM 12343.**

U. S. Army Court of Military Review.

8 March 1977.

Appellate Counsel for the Accused: CPT Michael P. La Haye, JAGC; CPT D. David Hostler, JAGC; LTC John R. Thornock, JAGC.

Appellate Counsel for the United States: CPT Nancy Battaglia, JAGC; COL Thomas H. Davis, JAGC.

OPINION OF THE COURT

DeFORD, Judge:

The appellant, a trainee, was given an order by his battalion commander to resume training with his company. He disobeyed this order which consequently resulted in his conviction by a special court-martial of a violation of Article 90, Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 890).

Upon appeal, appellant alleges that the order he was given by his battalion commander was not a lawful order. We disagree and affirm.

The appellant's assignment of error is bottomed upon the decision of *United States v. Bratcher.*[1] In *Bratcher*, the United States Court of Military Appeals considered a case in which a soldier who was a conscientious objector was given an order by his company commander to perform duties as a duty soldier, the duties to be assigned by the unit first sergeant. Upon failure to perform an assigned duty, Bratcher was convicted of a violation of the order of his company commander. The court set aside his conviction stating that the willful disobedience contemplated is such as shows an intentional defiance of authority as when an enlisted person is given a lawful command by an officer to do or cease to do a particular thing at once and refuses or deliberately omits to do what is ordered. The order in issue there was held to not contemplate performance or non-performance of some special function but was rather an order to perform military obligations with which he already had responsibility to perform by reason of his status as a soldier. Accordingly, the court held the order unenforceable under Article 90, UCMJ.

In subsequent cases before this Court the *Bratcher* doctrine has been applied to or-

---

1. *United States v. Bratcher*, 19 U.S.C.M.A. 125, 39 C.M.R. 125 (1969).

ders to train,[2] to begin training,[3] and to resume training.[4]

In each of the foregoing cases, the thrust of decisions indicate that the orders in question did not direct the appellant to do or cease to do a particular thing at once. As such, the orders there in question were held far too general and all inclusive in scope to fall within the purview of Article 90, UCMJ and therefore the orders were considered to be unlawful.

Here, the appellant was charged in the specification with willfully disobeying the lawful command of his battalion commander to resume training with his platoon and company.

The evidence adduced at trial clearly establishes that the appellant was brought before his battalion commander after he had previously refused to participate in training activities and had received non-judicial punishment therefor.

Before the commander, the appellant attempted to establish that he was physically unfit for training. After a discussion of the appellant's alleged condition and of the specific training activities for that day, the commander ordered the appellant "to return to his company and to participate in unit training." The appellant refused to comply.

It is apparent from the record that the order in issue here contemplated the specific training activities scheduled for that day.[5] It also required a specific, particular and immediate act by the appellant, to wit: return to his company.[6] The order as framed here avoids the lack of a specific mandate decried in *Oldaker, supra; Wohletz, supra;* and *Blackburn, supra.* Accord-

ingly, we find the order to be entirely lawful.

The findings and sentence are affirmed.

Senior Judge COOK and Judge DRIBBEN concur.

## UNITED STATES

---

2. *United States v. Oldaker,* 41 C.M.R. 497 (A.C.M.R.1969).

3. *United States v. Gifford,* 41 C.M.R. 537 (A.C.M.R.1969).

4. *United States v. Wohletz,* 41 C.M.R. 728 (A.C.M.R.1970); *United States v. Blackburn,* 42 C.M.R. 401 (A.C.M.R.1970).

5. The battalion commander placed a limitation upon the appellant's physical activity, although he had been examined at sick call and no disability was reported.

6. *See United States v. Patten,* 43 C.M.R. 820 (A.C.M.R.1971); *United States v. Bagby,* 41 C.M.R. 729 (A.C.M.R.1970); *see also United States v. Orozco,* 42 C.M.R. 408 (A.C.M.R.1970).