UNITED STATES, Appellee,

v.

Private (E–1) William A. BEATTIE, SSN 378–66–0472, United States Army, Appellant.

SPCM 17798.

U.S. Army Court of Military Review.

7 Oct. 1983.

**538**

Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain Warren ·G. Foote, JAGC, and Captain William T. Wilson, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Major Thomas M. Curtis, JAGC, Major Thomas J. LeClair, JAGC, and Captain Andrew D. Stewart, JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT ON ·FURTHER REVIEW

YAWN, Judge:

The appellant was convicted of willfully disobeying the order of a superior noncommissioned officer, assaulting a superior noncommissioned officer who was in the execution of his office, being disrespectful in language toward a superior noncommissioned officer who was in the execution of his office, being drunk on duty, using provoking words, willfully disobeying a command of his superior commissioned officer, being disorderly in quarters, and being incapacitated for the proper performance of his duties as a result of previously indulging in intoxicating liquor, in violation of Articles 91, 112, 117, 90, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 912, 917, 890, and 934 (1976), respectively. His approved sentence provides for forfeiture of $367.00 per month for six months, confinement at hard labor for two months, and a bad-conduct discharge.

Appellant now argues that his conviction for disobeying the order of the commissioned officer should not be allowed to stand because the order had no legal effect. We agree.

Beattie was charged with disobeying an order "to return to his place of duty and go to work." The evidence at trial showed that he was drunk when this order was given. On the morning of the incident, two staff sergeants had been detailed to get Beattie out of bed and take him to the dispensary for a blood alcohol test to see if he was drunk. After this was accomplished, with difficulty in view of Beattie's drunkenness, he was brought back to the orderly room to see the platoon sergeant, who instructed one of Beattie's staff sergeant escorts to take him up to the billets and have him clear away the bricks that were there, because he was too intoxicated to work on the tanks. Beattie said he was not going to do that; it was too cold and he was too drunk to work. He then went "storming up to the billets" and locked himself in a latrine stall and began crying. It took both ‚of the staff sergeants and two sergeants first class to persuade Beattie to accompany them back to the orderly room to see the acting company commander, a first lieutenant.

The lieutenant testified that when Beattie reported he "told him to—that he would follow the instructions of the NCO's and they were going to put him to work. And he refused, he said he didn't want to work." Both of the staff sergeant escorts were present when this occurred. One of them testified that the only thing the lieutenant "said was you will follow the instructions of the NCO's that are put in charge of you." The other said he heard the lieutenant tell Beattie to report to his place of duty.

After a while, when it became apparent that no progress was being made, and Beattie was beginning to become abusive, the lieutenant stood him at attention and again told him he was going to go to work. He then instructed one of the staff sergeants that Beattie "was not to go down to the motor pool because he would hurt himself or somebody else and that if they could find ‚ something for him to do around the barracks because of his condition at the time, I didn't want him hanging around the orderly room."

 It has been held that a specification alleging the willful disobedience of an order to "perform duties as a duty soldier, the duties to be performed to be assigned to him by the First Sergeant" does not state an offense as it is only an exhortation to do one's duty as a soldier, an obligation that

already exists. *United States v. Bratcher,* 19 U.S.C.M.A. 125, 126, 39 C.M.R. 125, 126 (1969). The willful disobedience contemplated as a violation of Article 90(2), Uniform Code of Military Justice, 10 U.S.C. § 890(2) (1976), is an intentional defiance of authority, as when one is commanded to do or cease doing a particular thing at once and refuses or deliberately omits to do what is ordered. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 169*b.* The order must be a specific mandate.

Citing *United States v. Bratcher, supra,* as authority, the refusal to obey orders to "go to daily training," *United States v. Bethea,* 2 M.J. 892 (A.C.M.R.1976); "to train," *United States v. Lee,* 44 C.M.R. 417 (A.C.M.R.1971); *United States v. Oldaker,* 41 C.M.R. 497 (A.C.M.R.1969); "to go to training," *United States v. Stallings,* 42 C.M.R. 425 (A.C.M.R.1970); "to start training with [your] unit," *United States v. Orozco,* 42 C.M.R. 408 (A.C.M.R.1970); "to resume training," *United States v. Blackburn,* 42 C.M.R. 401 (A.C.M.R.1970); *United States v. Wohletz,* 41 C.M.R. 728 (A.C.M.R. 1970); and "to attend training," *United States v. Gifford,* 41 C.M.R. 537 (A.C.M.R. 1969), were held not to violate Article 90, Uniform Code of Military Justice. On the other hand, the willful disobedience of orders "to perform your normal dental care duties and see and treat such patients as may be assigned to you in the Dental Clinic," *United States v. Yarbourgh,* 9 M.J. 882 (A.F.C.M.R.1980), *pet. denied,* 10 M.J. 249 (C.M.A.1981); "to return to [your] company and to participate in unit training," *United States v. Couser,* 3 M.J. 561 (A.C.M.R.1977); "to put on [your] equipment and go to training," *United States v. Patten,* 43 C.M.R. 820 (A.C.M.R.1971); and "to attend training," *United States v. Bagby,* 41 C.M.R. 729 (A.C.M.R.1970), were held to be violations of Article 90, Uniform Code of Military Justice.

The factor that distinguishes those orders which come within the purview of Article 90, Uniform Code of Military Justice, from those that do not is that the former contain a clear mandate that the accused do a specific thing at a specific time, while the latter do not. In deciding the issue, courts have looked beyond the specification to determine from the evidence whether there was such a clear mandate. *United States v. Petterson,* 14 M.J. 608, 612 (A.F.C.M.R. 1982), *pet. granted,* 15 M.J. 64 (C.M.A.1983); *United States v. Couser, supra; United States v. Bagby,* 41 C.M.R. at 730.

In the case at bar, the lieutenant did not testify that he ordered Beattie to do anything other than to go to work and follow the instructions of the noncommissioned officers. One of the staff sergeants present confirmed that this was all Beattie was told to do. Another testified that he heard the lieutenant tell Beattie to report to his place of duty. Although Beattie's ordinary place of duty was the motor pool, neither the acting commander nor the platoon sergeant wanted him there in view of his intoxication. Hence, the order from the lieutenant for Beattie to report to his place of duty, without further clarification as to where that was, does not, under the facts of this case, provide a clear enough mandate to establish a violation of Article 90, Uniform Code of Military Justice. The remainder of the order, to follow the instructions of the noncommissioned officers, is the type of order condemned by *United States v. Bratcher, supra.*

Appellant's other assignment of error, that there was insufficient evidence to support the conviction of disorderly conduct, has been considered and found to be without merit.

The finding of guilty of Additional Charge II and its specification is set aside and the charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the record, the Court affirms the sentence.

Senior Judge MOUNTS and Judge WERNER concur.