**UNITED STATES**

v.

**Senior Airman Marc A. DUMFORD, FR 531–86–7033, United States Air Force.**

**ACM 27212.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 Aug. 1988.

Decided 3 May 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Mark R. Bell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Morris D. Davis.

Before HODGSON, HOLTE AND PRATT, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

In December 1987, while stationed at Fort Carson, Colorado, the appellant was diagnosed as being infected by the Human Immunodeficiency Virus (HIV). HIV is the virus that causes Acquired Immunodeficiency Disease Syndrome (AIDS). The appellant was flown to the Wilford Hall Medical Center on 1 February 1988, and given an orientation about HIV and the nature of the infection.

On 4 and 5 February, the appellant was given a "safe sex" briefing and ordered to:

(1) Inform sexual partners that he is HIV positive prior to engaging in sexual intercourse;

(2) Use proper methods to prevent the transfer of body fluids during sexual relations including the use of condoms; and

(3) In the event he required emergency care, inform personnel responding to the emergency that he is HIV positive.

The appellant acknowledged he understood the order and agreed to inform any sexual partners of his condition prior to sexual

838

activity and would use protective measures during sexual intercourse.

That same day, 5 February, while on pass from the hospital, the appellant met a girl at the Non-commissioned Officer's Club and later engaged in sexual intercourse with her. He did not tell her he was HIV positive nor did he use protective measures during their sexual relations.

Based on the above facts, the appellant entered an unconditional guilty plea to disobeying the "safe sex" order by not informing his partner of his condition and not using protective measures, as well as to aggravated assault. The approved sentence extends to a dishonorable discharge, confinement for two years, total forfeitures, and reduction to airman basic; the sentence adjudged was less than that negotiated in the pretrial agreement.

While none of the errors urged on appeal warrant setting aside the appellant's conviction, a discussion of some is justified.

## I

The appellant contends that the "safe sex" order he disobeyed was illegal as it was overly broad and overreaching and did not relate to any recognized military duty. He maintains he is entitled to have consensual heterosexual intercourse with anyone he chooses so long as both parties are unmarried. He points out that his partner was not a military member, the encounter took place off-base, and suppressing his lawful sexual activity to "demonstrate good faith to the community" lacks any relationship to military duty or the maintenance of good order and discipline. The appellant acknowledges that the military's interest in protecting the health and welfare of the military community is unquestioned, but argues that "protecting every civilian in the world from a military AIDS carrier stretches a valid military interest beyond the point of adequately protecting the rights of the individuals."

■ Of course, the critical question before us is the lawfulness of the "safe sex" order. An order is presumed to be lawful and an accused has the burden of showing the converse. *United States v. Smith,* 21

U.S.C.M.A. 231, 45 C.M.R. 5 (1972). In this case the lawfulness of the order was not contested at trial, as the appellant pleaded guilty. In the majority of trials it is necessary to contest the validity of the order in the trial forum so that the factual and legal basis for it can be developed in the record. Here the appellant chose not to do so. However, an order that is patently unlawful may be contested for the first time on appeal. The order given the appellant was designed to halt the spread of a fatal disease for which there is no cure presently known. On its face the order is valid and enforceable, and if the appellant thought otherwise he should have asserted his claim at trial. Because he made no objection at trial on this ground, the assigned error is not preserved for appeal. *United States v. Wine,* 28 M.J. 688 (A.F.C.M.R.1989); *United States v. Ashley,* 48 C.M.R. 103 (A.F.C.M.R.1973).

■ We cannot let stand unchallenged appellate defense counsel's claim that there is no "valid military interest" in requiring a military member who has the HIV to inform potential sexual partners, *civilian* or military, of this fact. Military installations are a part of our society and as we observed in *United States v. Householder,* 21 M.J. 613, 614 (A.F.C.M.R.1985); *pet. denied* 22 M.J. 339 (1986):

All of the armed services make a concerted effort to become a part of and to be accepted in the surrounding civilian community. To this end military installations enthusiastically support charity drives, community projects and local civic organizations, and by so doing strengthen the bond between the defenders and those being defended.

This bond between the armed services and the civilian population would quickly become dangerously frayed if the military took the position that it had no obligation to attempt to prevent the spread of AIDS in the nation at large. An order requiring a servicemember to inform his sexual partners, *civilians* or military, that he is infected with HIV and to protect them from any contact with body fluids and excretions is a lawful exercise of a superior's command

authority. *United States v. Womack,* 27 M.J. 630 (A.F.C.M.R.1988); *pet. granted,* 28 M.J. 247 (1989).

## II

Appellate defense counsel next contend that the aggravated assault allegation was the "ultimate offense" resulting from the appellant's conduct. It is postulated that since the appellant's failure to tell his sexual partner that he was infected with the HIV coupled with the non-use of protective measures could result in an aggravated assault conviction (*see United States v. Johnson,* 27 M.J. 798 (A.F.C.M.R.1988)), the order given to him by Wilford Hall medical personnel was nothing more than an exhortation to obey the law. Accordingly, the appellant can only be punished within the limits of the "ultimate offense," here aggravated assault, and the punishment for the disobedience allegation must be disregarded. *See United States v. Bratcher,* 18 U.S.C.M.A. 125, 39 C.M.R. 125 (1969). Hence the permissible confinement in this case would be three years, the maximum allowed for aggravated assault.

■ In *United States v. Pettersen,* Judge Cook addressed the appellant's position and stated:

Intellectually, this [argument] represents an example of "closed-loop logic" which goes like this: The order, to be legal, must relate to a military duty, which by definition, the accused is already obligated to perform by virtue of his military status.... Thus if the defense argument were carried to its logical end, it would eliminate enforcement of most military orders, a condition that no military organization could tolerate.

17 M.J. 69, 70 at n. 1 (C.M.A.1983). The appellant's direct and immediate defiance of the "safe sex" order strikes at the very heart of military discipline and cannot be condoned. The purpose of the "safe sex" order was to halt the spread of a deadly disease, and if the appellant had obeyed that order there would have been no aggravated assault allegation. The offenses are separate and distinct and each could be charged.

■ In this same light the appellant also maintains that the two offenses are multi-plicious for findings. We disagree. The allegations are not identical crimes, one is not the lesser included offense of the other, and the conviction on either does not involve inconsistent findings of fact. *United States v. Lambert,* 17 M.J. 773 (A.F.C.M.R. 1983). Applying the guidelines that Chief Judge Everett set out in *United States v. Doss,* 15 M.J. 409 (C.M.A.1983), we see no basis to grant the relief sought.

## III

■ The appellant next asserts that his guilty plea to aggravated assault was improvident because his partner consented to the sexual activity. As in *United States v. Johnson, supra,* we find this argument unpersuasive. Addressing the same claim in *Johnson,* Senior Judge Kastl wrote:

In the first place, the victim's "consent" was uninformed; [the victim] did not know his partner was infected. Furthermore, regardless of consent, the military judge correctly found that consent by the victim is not a valid defense when the conduct is of a nature to be injurious to the public as well as to the party assaulted. We too find no valid consent here: Whatever the degree of assent to sexual by-play between the individuals, there was no approval by the victim to the transmission of the AIDS disease. (Citations omitted).

27 M.J. 798, 803. We reach the same conclusion here and hold that the victim did not consent to the appellant's conduct. The guilty plea was provident.

## IV

The remaining assigned error is decided against the appellant. *United States v. Fields,* 17 M.J. 1070 (A.F.C.M.R.1984); *see also Satterfield v. Drew,* 17 M.J. 269 (C.M.A.1984). For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

Judges HOLTE and PRATT concur.