**UNITED STATES, Appellee,**

v.

**Amos A. WOMACK, Staff Sergeant,
U.S. Air Force, Appellant.**

No. 61,411.
ACM 26660.

U.S. Court of Military Appeals.

Sept. 28, 1989.

For Appellant: *Major Lynne H. Wetzell* (argued); *Colonel Richard F. O'Hair.*

For Appellee: *Major Kathryn I. Taylor* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni.*

*Opinion of the Court*

COX, Judge:

Appellant was tried at Homestead Air Force Base, Florida, by a military judge sitting alone as a general court-martial. In accordance with his conditional pleas, he was convicted of disobeying a "safe sex" order, in violation of Article 90, Uniform Code of Military Justice, 10 USC § 890. In accordance with unconditional pleas of guilty, he was also convicted of forcible sodomy, in violation of Article 125, UCMJ,

10 USC § 925.[1] Today we affirm his conviction for the reasons set forth below.

Upon his arraignment, appellant moved to dismiss the first charge against him. His motion alleged that the order was constitutionally defective, overly intrusive, and overbroad in its application, as well as that it attempted to regulate constitutionally-protected conduct. The military judge denied the motion and entered specific findings of fact pertaining to the validity and enforceability of this order under Article 90. Thereafter, appellant entered conditional pleas of guilty. We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO DISMISS CHARGE I AND ITS SPECIFICATION, AS THE ORDER WAS OVERBROAD, OVERLY INTRUSIVE, EXCEEDED ANY VALID MILITARY NECESSITY, AND WAS THEREFORE ILLEGAL.

While serving in the Air Force, appellant was diagnosed as being infected with the Human Immunodeficiency Virus (HIV). This condition is a progenitor to the Acquired Immune Deficiency Syndrome (AIDS) disease. Appellant was hospitalized at Wilfred Hall Medical Center, where he received treatment and counseling for the HIV infection. Included in the counseling was information pertaining to "safe sex" practices. Thereafter, appellant was determined to be medically fit for duty and was assigned to Homestead Air Force Base.

In accordance with Air Force policy, appellant's commander at Homestead issued a six-part written order to him on October 15, 1987. This order directed appellant "to comply with the following ... health procedures" and advised him that

Failure to comply with these procedures constitutes a violation of the Uniform Code of Military Justice ...:

a. You will inform all present and future sexual partners of your infection.

b. You will make known your infection to all emergency care personnel, physicians, dentists, nurses, technicians, or other health care professionals who treat you for any reason.

c. You will avoid transmitting the infection to other persons by taking affirmative steps during any sexual activity to protect your sexual partner from coming into contact with your blood, semen, urine, feces, or saliva.

d. You will refrain from any acts of sodomy or homosexuality as proscribed by the Uniform Code of Military Justice, regardless of whether or not your partner consents to such acts.

e. You will refrain from the use of all illegal drugs, regardless of how ingested into your body.

f. You will not donate your blood, plasma, body organs, or semen for any purpose, unless all parties involved in the donation of your blood, plasma, body organs, or semen are fully aware that you are HIV antibody positive.

On the same day, appellant acknowledged in writing receipt and understanding of this order.

On December 4, 1987, Airman T accepted an invitation to sleep in appellant's room in the dormitory because T's roommate had requested the private use of their room while entertaining a female friend. Airman T fell asleep on the floor near appellant's bed and awoke to find appellant performing the act of fellatio upon him. Airman T fled the room and reported the matter to appropriate military authorities. This incident is the basis of the charges of forcible sodomy and willful disobedience of the order described above. The specification of Charge I, willful disobedience of the order, alleges that appellant failed to com-

---

1. He was sentenced to a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to airman basic.

ply with paragraphs a, c, and d of the order as set forth above.

In a thoughtful *en banc* decision authored by Senior Judge Lewis, the Court of Military Review concluded that the order was not overly broad or intrusive, and that it served a valid military purpose. 27 MJ 630 (1988). However, the court deleted that portion of the specification of Charge I alleging a violation of the order to refrain from acts of sodomy or homosexuality (*i.e.*, paragraph d) on the ground that such language was "fairly embraced" or multiplicious for findings with the sodomy specification. *Id.* at 635. The remaining portions of the specification of Charge I were deemed lawful. Accordingly, the court affirmed the findings of guilty as modified. For essentially the same reasons, we also affirm the findings and sentence as modified by the court below.

The problem of how the legal system should respond to the spread of contagious diseases is not unique to AIDS. Earlier courts considered the lawfulness of public health regulations involving compulsory vaccination and quarantine, in the context of other sexually-transmitted infections and diseases such as smallpox. These regulations were upheld under the minimum rationality test applied to early public health cases.[2] Today, approximately 24 states, including Florida, where this offense took place, have statutes making it a crime to expose others to sexually-transmitted diseases.[3] By utilizing "safe sex" orders, the military has chosen a less restrictive means to limit the spread of this infectious disease.

■ In considering the validity of this military order, we note that an order must be a clear and specific mandate. *United States v. Beattie*, 17 MJ 537 (ACMR 1983). The order must be worded so as to make it specific, definite, and certain, and it may not be overly broad in scope or impose an unjust limitation on personal rights. *Unit-ed States v. Wartsbaugh*, 21 USCMA 535, 45 CMR 309 (1972); *United States v. Wysong*, 9 USCMA 249, 26 CMR 29 (1958).

■ A plain reading of this order demonstrates that it was specific, definite, and certain. Further, it is obvious that appellant had actual knowledge of its nature and terms, and he was on fair notice as to the particular conduct which was prohibited. Accordingly, the order as applied to appellant's conduct was not vague.

■ Appellant also challenges the legality of the order on the grounds that it fails to relate to any valid military purpose and that it interferes with his private rights and personal affairs. *See* para. 14c(2)(a)(iii), Part IV, Manual for Courts-Martial, United States, 1984. However, as the written order states, its purpose is "to safeguard the overall health of members of a military organization to insure unit readiness and the ability of the unit to accomplish its mission." The military judge also found valid military purposes for this order: to preserve unit readiness and to protect and safeguard the health of Air Force members.

The military, and society at large, have a compelling interest in having those who defend the nation remain healthy and capable of performing their duty. *See National Treasury Employees Union v. Von Raab*, — U.S. —, 109 S.Ct. 1384, 1396, 103 L.Ed.2d 685 (1989). We have recently held that a servicemember who engages in sexual intercourse without protection, knowing that his seminal fluid contains a deadly virus capable of sexual transmission, can be convicted of committing an "inherently dangerous act" likely to cause death or great bodily harm and that such conduct can be prejudicial to the good order and discipline of the armed forces under Article 134, UCMJ, 10 USC § 934. *United States v. Woods*, 28 MJ 318 (CMA 1989). Today we add that a "safe-sex order" can

---

2. Note, *The Constitutional Rights of AIDS Carriers*, 99 Harv.L.Rev. 1274 (1986).

3. *See* Report accompanying ABA Policy on AIDS and the Criminal Justice System, at 9, adopted Feb. 7, 1989; Title XXIX, § 384.24, Florida Statutes Annotated.

have a valid military purpose, and this one does.

Appellant also attacks the order as being overly broad, referring to the implicit limitations on sexual contact with civilians having no connection with the military and the requirement to notify *all* medical personnel. Because appellant is not charged with violating the order in this way, we need not consider these aspects here. *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985). In this case, the military context is obvious: Appellant is not entitled to relief based on other, hypothetical conduct. *See Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

■■■ Finally, we consider whether this military order interfered with constitutionally-protected private affairs of appellant. First, we note that forcible sodomy is not constitutionally-protected conduct. *Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed. 2d 140 (1986). Also, the First Amendment and related concerns of privacy apply differently to the military community because of the unique mission and need for internal discipline. *Parker v. Levy, supra*, and *United States v. Hoard*, 12 MJ 563 (ACMR 1981), *pet. denied*, 13 MJ 31 (1982). The consequence is that the armed forces may constitutionally prohibit or regulate conduct which might be permissible elsewhere.

Thus, the military can require servicemembers to be inoculated against diseases, even if this violates the member's religious beliefs. *United States v. Chadwell*, 36 CMR 741 (NBR 1965); *United States v. Jordan*, 30 CMR 424(ABR), *pet. denied*, 12 USCMA 727, 30 CMR 417 (1960). It may prohibit the association of military trainees with others passing through a reception station, *United States v. Hoard, supra*, and regulate relationships between officers and enlisted personnel, *United States v. Johanns*, 20 MJ 155 (CMA), *cert. denied*, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985).

Under the circumstances here, we view these restrictions on appellant's sexual activity to be of the same ilk, and we detect no constitutional infirmity therein.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.