**UNITED STATES, Appellee,**

v.

**Vincent STEWART, Sergeant, U.S. Army, Appellant.**

No. 61,640.

CM 8702932.

U.S. Court of Military Appeals.

Sept. 28, 1989.

For Appellant: *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Captain Keith W. Sickendick.*

For Appellee: *Captain Jody M. Prescott.*

*Opinion of the Court*

COX, Judge:

A military judge sitting as a general court-martial accepted appellant's pleas of guilty to aggravated assault, absence without leave (7 days), and failure to repair, in violation of Articles 128 and 86, Uniform Code of Military Justice, 10 USC §§ 928 and 886, respectively. He was sentenced to a dishonorable discharge, confinement and forfeiture of $250 pay per month for 40 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence, but suspended the confinement in excess of 2 years. The Court of Military Review reduced the period of forfeitures to 2 years to comply with the terms of a pretrial agreement, but otherwise approved the findings and sentence.

We granted the petition for review to consider the following issues raised by appellate defense counsel:

I

WHETHER THE MILITARY JUDGE ERRED IN ACCEPTING AS PROVIDENT APPELLANT'S PLEA OF GUILTY TO ASSAULT WITH A MEANS LIKELY TO PRODUCE DEATH OR GRIEVOUS BODILY HARM WHERE EVIDENCE OFFERED BY THE GOVERNMENT IN AGGRAVATION OF SENTENCE ESTABLISHED THAT THE "MEANS" ALLEGED WAS NOT A MEANS "LIKELY" TO PRODUCE DEATH OR GRIEVOUS BODILY HARM.

II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY AFFIRMING A FINDING OF GUILTY OF AGGRAVATED ASSAULT.

Appellant pleaded guilty by exceptions and substitutions to:

from about 1 February 1987 to about 21 June 1987, on numerous occasions commit an assault upon ... [a female soldier] by wrongfully exposing her to the human immunodeficiency virus, commonly known as the AIDS virus, with a means likely to produce death or grievous bodily harm, to wit: while knowing he was infected with the said virus and knowing that said virus can be sexually transmitted, did wrongfully engage in sexual intercourse with the said ... [female soldier] without using a condom or any other form of barrier protection.

During the very thorough and detailed inquiry to determine whether his pleas were provident, appellant admitted knowing that he had tested positive for Human Immunodeficiency Virus (HIV). He also admitted that he had been counseled about the dangers of exposing others to AIDS, and that he had engaged in "unprotected sexual intercourse with" the victim which "under the circumstances ... was the means" appellant "used to expose her to the AIDS virus and that this was a wrongful and unlawful act on [his] part."

In aggravation, the Government called Major Jane L. Bell, a nurse with a masters degree in public health, who testified in part:

Once a person develops an opportunistic infection, they are then diagnosed as having AIDS. And once an individual does develop AIDS, it is a fatal illness at this time. But it doesn't mean that everyone that is infected with the virus will go on and develop AIDS. At this point we don't know how many people will; who will and who won't. We can't predict that. We know that in looking at the number of cases of AIDS today and the number of people infected, you would expect between 30 and 50 percent of the total pool of infected population to actually go on at some point and time and develop AIDS disease.

\* \* \* \* \* \*

When we first started the program, most researchers were saying probably only 10 percent of people infected would go on to develop AIDS. But over the years since the first cases were identified in '81, there has been a significant change in that belief. And in fact, the researchers at Walter Reed, Dr. Redfeld and Tramount, Army researchers, believe that it's just a matter of time, that it could be 90 percent or more that will actually develop AIDS.

Appellate defense counsel argue that a 30 to 50% probability of developing AIDS from HIV is not sufficient to make AIDS a natural and probable consequence of exposure to HIV, and, therefore, Bell's testimony was in conflict with appellant's guilty pleas. Even if Major Bell's testimony was as limited as this, we hold that the pleas were not rendered improvident since even a 30 to 50% chance of death resulting from the battery inflicted is sufficient to fall within "the natural and probable consequence" definition. *See* para. 54c(4)(a)(ii), Part IV, Manual for Courts–Martial, United States, 1984. *See also State v. Lankford,* 102 A. 63 (Del.1917).

In order for pleas to be set aside on appeal as improvident, the record must contain some "evidence in 'substantial conflict' with" the pleas of guilty. *United States v. Hebert,* 1 MJ 84, 86 (CMA 1975). The providence inquiry clearly established appellant's guilt. The testimony of Major Bell was merely a summary of the recent research on AIDS, research which is far from complete. Indeed, researchers have not been gathering data for as long as the incubation span of the disease. There is no conflict in the record over whether appellant's conduct exposed his female partner to a substantial risk of developing the deadly disease, AIDS.[1]

1. The record shows that she tested positive for HIV, and Bell's opinion was that this was a

The decision of the United States Army Court of Military Review is affirmed.[2]

Chief Judge EVERETT and Judge SULLIVAN concur.

result of her sexual relationship with appellant.

**2.** *See also United States v. Womack,* 29 MJ 88 (CMA 1989), and *United States v. Woods,* 28 MJ 318 (CMA 1989).