UNITED STATES, Appellee,

v.

Marc A. DUMFORD, Senior Airman,
U.S. Air Force, Appellant.

No. 63,033.
ACM 27212.

U.S. Court of Military Appeals.

May 10, 1990.

Certiorari Denied Oct. 1, 1990.
See 111 S.Ct. 150.

For Appellant: *Colonel Richard F. O'Hair* and *Captain Bernard E. Doyle, Jr.*

For Appellee: *Colonel Joe R. Lamport, Major Terry M. Petrie,* and *Captain Morris D. Davis.*

PER CURIAM:

Appellant stands convicted, pursuant to his pleas, of two specifications: Willfully disobeying the command of a commissioned officer not to engage in sexual activity without informing his partner that he was infected with the Human Immunodeficiency Virus (HIV) and taking precautions against spreading the virus; and assault with a means likely to produce death or grievous bodily harm, in violation of Articles 90 and 128, Uniform Code of Military Justice, 10 USC §§ 890 and 928, respectively. We granted his petition for review [1] to determine whether the order was overbroad. After considering the contents of the order and the context of the violation, we uphold the decision of the Court of Military Review. 28 MJ 836 (1989).

In *United States v. Womack*, 29 MJ 88, 89 (CMA 1989), we concluded that, in general, issuing a "safe sex" order to a servicemember infected with HIV, which "is a progenitor to the Acquired Immune Deficiency Syndrome (AIDS) disease," is a valid exercise of military authority. The order here is similar in content to the one

1. We construe the issue presented by appellant as asserting that the specification does not state an offense, rather than suggesting that he had a valid defense to the crime.

**138**

challenged in *Womack.* It is equally clear, definite, and certain as to its requirements. The only question is whether a valid military necessity existed as to scope because the order required appellant to warn civilians as well as servicemembers.

In *Womack* the sexual activity consisted of an act of nonconsensual homosexual sodomy with a fellow servicemember. Because the armed forces have an interest in preserving the health and readiness of their servicemembers, the order there had a clear military purpose. *See also United States v. Negron,* 28 MJ 775, 778 (ACMR), *aff'd,* 29 MJ 324 (CMA 1989).

Appellant argues that, as applied to consensual, nondeviant, sexual intercourse with a female civilian, the order restricts his personal rights. However, as we noted in *Womack,* many states have enacted statutes limiting the personal liberties of those persons who carry HIV, statutes which are far more restrictive than the present order. 29 MJ at 90. This order did not prohibit

sexual contact; rather, it set forth terms under which appellant could engage in such activities. Thus, even to the extent that the order may have limited appellant's freedom, it is not so broadly drawn as to warrant invalidating the order.

■ Appellant's argument that the order lacks any valid military purpose is without merit. In *United States v. Stewart,* 29 MJ 92 (CMA 1989), we took note of the dangers of unprotected sexual intercourse by those infected with HIV. Consequently, we are certain that, when a servicemember is capable of exposing another person to an infectious disease, the military has a legitimate interest in limiting his contact with others, including civilians, and otherwise preventing the spread of that condition. *See United States v. Johnson,* 30 MJ 53 (CMA 1990).[2]

The decision of the United States Air Force Court of Military Review is affirmed.

---

**2.** We have absolutely no doubt that preventing a servicemember who has HIV from spreading it to the civilian population is a public duty of the highest order and, thus, is a valid military objective. It is clear to us that such conduct could be found to be service-discrediting. Art. 134, Uniform Code of Military Justice, 10 USC § 934; *see also United States v. Woods,* 28 MJ 318–19 (CMA 1989).