**UNITED STATES, Appellee,**

v.

**Specialist Darrin M. GALLION, 437–47–5908, United States Army, Appellant.**

**ACMR 9201172.**

U.S. Army Court of Military Review.

25 Feb. 1993.

---

951

For Appellant: Major Robin L. Hall, JAGC, Captain Antonier L. White, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Steven M. Walters, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officers and enlisted members. Pursuant to his pleas, he was found guilty of one specification of wrongful distribution of marijuana and one specification of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982). He was sentenced to a bad-conduct discharge, confinement for six months, and reduction to Private E1. The convening authority approved the sentence.

Initially, this case was submitted to this Court asserting a jurisdictional error which is without merit. *See United States v. Weiss*, 36 M.J. 224 (C.M.A.1992). This Court specified the following issue:

WHETHER APPELLANT'S STATEMENTS DURING THE PROVIDENCE INQUIRY (R. 21–34) AND HIS UNSWORN STATEMENT (R. 140–142) RAISED THE POSSIBLE ISSUES OF ENTRAPMENT AND DURESS, THEREBY RENDERING HIS PLEAS OF GUILTY IMPROVIDENT.[1]

During the providence inquiry, appellant stated that the CID informant initially asked if he knew where to purchase marijuana. During the next four days he was asked six times by the informant to obtain marijuana for him. He agreed on the sixth request. He had purchased marijuana several times for himself but had never obtained it for anyone else. When the military judge asked why appellant purchased for another this time, he stated that part of the reason was because he was asked by a friend. He would purchase for a friend if asked. After the military judge explained the entrapment defense to appellant, appellant agreed that he was only provided the opportunity to commit the offense. He did not distribute the marijuana in anticipation of making money but accepted $10.00 when offered after delivering it.

Later, during an unsworn statement prior to sentencing, appellant returned to his position that he agreed to get marijuana

1. Because of our disposition of this case, we need not address the issue concerning duress.

for the informant only after repeated requests. Although asked, he refused to make subsequent distributions. In addition, his wife testified that appellant had received numerous calls at home from the informant. The impact of this testimony on the court members must have concerned the military judge. He instructed the court that the accused admitted previously that he was not entrapped into committing the offense and was in fact guilty of distribution of marijuana.

Before accepting a plea of guilty, the military judge must conduct a searching and detailed inquiry of the accused to determine if he understands his plea, if it is entered voluntarily, and if the accused is in fact guilty. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). If any defense is raised by the accused, the military judge should explain the defense to the accused and should not accept the plea of guilty unless the accused admits facts which negate the defense. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(e) discussion. In order to set a plea aside, there must be some substantial conflict with the pleas of guilty. *United States v. Stewart*, 29 M.J. 92 (C.M.A.1989); *United States v. Hebert*, 1 M.J. 84, 86 (C.M.A.1975). Where a possible defense is raised during the inquiry, the military judge must insure that the defense is not available to an accused. *United States v. Jemmings*, 1 M.J. 414 (C.M.A.1976). If an accused sets up matters inconsistent with his guilty plea after entry of that plea, such conflict must be resolved. *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973); *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1975).

In the case before us, appellant raised the possible defense of entrapment. Although he disavowed the defense during the providence inquiry, he returned to it during the presentencing phase of the trial. We believe this was in substantial conflict with his plea of guilty. Appellant's unsworn statement bothers us, as it appears to have bothered the military judge. The military judge should have reopened the providence inquiry to settle this matter. From the record, we cannot conclude that appellant was convinced of his guilt of the offense. Consequently, we hold that appellant's plea of guilty to the offense of distribution of marijuana was improvident. Our decision does not impact on the remaining offense to which appellant pled guilty.

The assertions of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The finding of guilty of Specification 1 of the Charge (distribution of marijuana) is set aside. The remaining findings of guilty are affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing on Specification 1 of the Charge and the sentence. If the convening authority determines that a rehearing on that specification is impracticable, he may dismiss the specification and order a rehearing on the sentence only.

Judge BAKER and Judge WALCZAK concur.