UNITED STATES, Appellee,

v.

**Romulo P. FERRER, Sergeant First Class, U.S. Army, Appellant.**

No. 65,699.
CM 8903779.

U.S. Court of Military Appeals.

Submitted Dec. 28, 1990.

Decided Sept. 9, 1991.

For Appellant: *Major Michael J. Kelleher* and *Captain Holly K. Desmarais.*

For Appellee: None.

*Opinion of the Court*

SULLIVAN, Chief Judge:

Pursuant to his pleas, appellant was found guilty of two specifications of committing indecent acts upon his daughter by fondling her breasts and vagina, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. A general court-martial including enlisted members sentenced appellant to a bad-conduct discharge, confinement for 7 years, total forfeitures, and reduction to E–1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 24 months, total forfeitures, and reduction to E–1. The Court of Military Review affirmed in a short-form opinion dated August 30, 1990.

We granted appellant's petition for review and specified the following issue of law:

> WHETHER THE MILITARY JUDGE ERRED WHEN HE ALLOWED A SOCIAL WORKER TO TESTIFY, OVER THE OBJECTION OF DEFENSE COUNSEL, AS TO THE NUMBER OF CHILD ABUSE CASES IN HER JURISDICTION. *SEE UNITED STATES V. BARTOLETTI* [32 MJ 24] (CMA 1990).

We hold that the military judge committed error but that such error was harmless under the circumstances of this case. *See United States v. Bartoletti*, 32 MJ 419 (CMA 1991).

The record of trial reflects that the prosecution called Mrs. Hernandez, a social worker from Fairfax County, Virginia, the county in which the accused's offenses were reported. Over defense objection, she was permitted to testify that nine verified cases of child abuse occurred in that county per week. For the reasons stated in *United States v. Bartoletti, supra,* we conclude that the military judge erred in admitting this testimony during the sentencing portion of appellant's court-martial. *See generally* RCM 1001(b)(4), Manual for Courts–Martial, United States, 1984.

The question of prejudice remains. Art. 59(a), UCMJ, 10 USC § 859(a); *see* Mil.R. Evid. 103(a), Manual, *supra.* Here, as in *Bartoletti,* the military judge specifically instructed the members that they must sentence appellant "only for the offenses of which he has been found guilty." *See generally United States v. Ricketts,* 1 MJ 78, 82 (CMA 1975). Moreover, an inference could not be reasonably drawn from the challenged evidence in this case that appellant was involved in the other child-abuse crimes. *See United States v. Bartoletti, supra.* Admittedly, the challenged evidence was not cumulative of any other evidence in this case. Nevertheless, the convening authority in an unrelated action reduced the adjudged confinement from 7 years to 2 years. Such a substantial reduction could not realistically be improved upon by a sentence rehearing or reassessment by the Court of Military Review. *See United States v. Isaacs,* 19 MJ 220 (CMA 1985); *United States v. Goodwin,* 9 MJ 216 (CMA 1980). Accordingly, we conclude that appellant has suffered no prejudice from the error noted above.

The decision of the United States Army Court of Military Review is affirmed.

Judge COX and Senior Judge EVERETT concur.