**UNITED STATES**

v.

**Airman First Class Howard S. PECK, FR487–94–6931, United States Air Force.**

**ACM 29844.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 March 1992.

Decided 3 Feb. 1993.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Major Alice M. Kottmyer, Major Mary C. Yastishock, and Captain Robert A. Parks.

Appellate Counsel for the United States: Colonel Richard L. Purdon, Lieutenant Colonel Brenda J. Hollis, Lieutenant Colonel Jeffery T. Infelise, Major Paul H. Blackwell, Jr., and Major John H. Kongable.

Before LEONARD, JAMES, and JOHNSON, Appellate Military Judges.

OPINION OF THE COURT

LEONARD, Senior Judge:

Is the Air Force Form 2030, Drug and Alcohol Abuse Certificate, an individual signs upon entry into the Air Force later

admissible against him in a court-martial as sentencing evidence to show knowledge of the illegal nature of a drug and the consequences of illegal use? Under the circumstances of this case, we hold it is not, but we find no prejudice in appellant's judge alone trial.

Appellant pleaded guilty to wrongful use of lysergic acid diethylamide (LSD), and a military judge sitting alone found him guilty of that offense.[1] During the military judge's inquiry into the factual basis for appellant's guilty plea, appellant readily admitted knowledge of the illegal nature of LSD. He also admitted his use of LSD was wrongful and criminal conduct.

■ After accepting appellant's pleas of guilty and finding him guilty, the military judge asked trial counsel if the government wished to present any evidence relating to sentencing. Trial counsel offered sections I and III of the Air Force Form 2030 appellant completed upon his enlistment in April 1989 for:

[C]onsideration regarding his (appellant's) statement of understanding on the certificate which shows the accused had knowledge that LSD is a dangerous drug and also, that he had knowledge of the standard of conduct expected of him, and that's the limited purpose.

Appellant's trial defense counsel objected to the exhibit's admission contending it was improper sentencing evidence and inadmissible evidence of Air Force policy about drug abuse. The military judge overruled the objection. He stated that he would consider only sections I and III of the exhibit for the purposes stated by trial counsel and he would not consider any policy aspect expressed by the form.[2]

On appeal, appellant asserts prosecution exhibit 3 was not relevant, contained inadmissible broad statements of policy, and was improper sentencing evidence. We agree with his last assertion.

■ Although the military judge may relax rules regarding admissibility of evidence in a court-martial during sentencing,[3] the types of evidence that may be considered are very limited. First, only relevant evidence may be admitted. Mil.R.Evid. 402. Second, R.C.M. 1001(b) lists the types of evidence the prosecution and defense are permitted to present during a court-martial presentencing proceeding. Court decisions considering the admissibility of presentencing evidence generally strictly apply the limits of R.C.M. 1001(b). *See, e.g., United States v. Ferrer*, 33 M.J. 96 (C.M.A.1991); *United States v. Claxton*, 32 M.J. 159 (C.M.A.1991); *United States v. Aurich*, 31 M.J. 95 (C.M.A.1990). Applying the provisions of R.C.M. 1001(b), we are unable to find any valid authority to admit the challenged Air Force Form 2030.

Appellee argues the certificate is admissible during sentencing to rebut appellant's statement of inexperience with LSD during his guilty plea inquiry.[4] We do not agree.

■ Appellant's knowledge of the illegal nature and dangerousness of LSD was certainly relevant during findings. However, appellant readily admitted such knowledge, and introduction of the certificate merely to show knowledge would have been cumulative. Further, if appellant had pleaded not guilty and denied knowledge of

---

1. The military judge sentenced appellant to a bad-conduct discharge, confinement for 5 months, forfeiture of all pay and allowances, and reduction to E-1.

2. Section 2 of the Air Force Form 2030 contained an admission by appellant of use or experimentation with marijuana before entering the Air Force. This information was clearly not admissible at the time the exhibit was offered. Although trial counsel did not initially ask the military judge to consider this section, offering the entire unmasked exhibit for tenuous "limited purposes" calls into question trial counsel's motives.

3. R.C.M. 1001(c)(3) permits the military judge to relax the rules of evidence with respect to defense matters in extenuation and mitigation. If the rules were relaxed for the defense, the military judge may also relax them during prosecution rebuttal.

4. Appellant stated the charged use of LSD was his first use of LSD and he was not familiar with the effects of the drug. The government offered no evidence of other experimentation with LSD.

the dangerousness or consequences of using LSD, the certificate might have been admissible in findings as rebuttal evidence.[5] However, if trial counsel intended prosecution exhibit 3 as rebuttal evidence of appellant's statements during the findings portion of the trial, the exhibit should have been introduced before the military judge entered findings. Further, this evidence does not directly rebut any of appellant's guilty plea inquiry. An acknowledgement of the dangerousness of LSD and the consequences of drug abuse by initialing blocks on a form as part of an enlistment processing over 2 years before the offense does not rebut appellant's statements of inexperience with LSD. Finally, R.C.M. 1001 does not provide for rebuttal of guilty plea inquiry statements during the prosecution's presentencing case. After the defense has presented presentencing evidence, the prosecution may present rebuttal evidence to rebut the sentencing matters presented by the defense.[6] R.C.M. 1001(a)(1)(C), (d). At the time trial counsel offered prosecution exhibit 3, the defense had presented no sentencing evidence.

■ As a second basis for admissibility, appellee contends the certificate qualified as aggravation evidence under R.C.M. 1001(b)(4). The argued rationale is that appellant's offense should be considered more serious because he had previously certified an understanding of the dangerousness of LSD and the consequences of drug use. Unfortunately, this rationale ignores the required nature of aggravation evidence under R.C.M. 1001(b)(4). The Discussion of that rule provides:

Evidence in aggravation may include evidence of financial, social, psychological, and medical impact or cost to any person or entity who was the victim of an offense committed by the accused and evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense.

In *United States v. Gordon*, Chief Judge Sullivan quoted the above passage and added:

The standard for admission of evidence under this rule is not the mere relevance of the purported aggravating circumstance to the offense. *See* Mil.R.Evid. 401 and 402. Instead, a higher standard is required, namely, the aggravating circumstances proffered must directly relate to or result from the accused's offense.

*Gordon*, 31 M.J. 30, 36 (C.M.A.1990).

Prosecution exhibit 3 is evidence of entries appellant made on a form over 2 years before the commission of the offense. The exhibit contains no evidence of impact upon a victim, mission, discipline, or efficiency directly related to or resulting from appellant's offense. This evidence is not proper presentencing aggravation evidence. We also are unable to find any other valid basis for admitting this exhibit during the presentencing portion of appellant's trial.[7]

---

5. The government's argument presents an interesting question that is not directly addressed by the provisions of the 1984 Manual for Courts–Martial. May trial counsel rebut statements an accused makes during a guilty plea inquiry? R.C.M. 910(a)(1) Discussion provides: "A plea of guilty does not prevent the introduction of evidence, either in support of the factual basis for the plea, or, after findings are entered, in aggravation." No specific mention is made of the government introducing evidence rebutting an accused's statement during a plea inquiry. If an accused's statement during the plea inquiry were to call into question the factual basis for the plea, it would be the responsibility of the military judge to inquire further to insure an accurate plea. R.C.M. 910(e). Where the accused's statements during the guilty plea inquiry admit his guilt, but attempt to minimize his culpability, the prosecution may have a legitimate interest in rebutting the statements. The extent to which such rebuttal evidence may be admitted remains an open question.

6. Rebuttable defense sentencing matters include an accused's unsworn statement. R.C.M. 1001(c)(2)(C). If appellant had denied knowledge of the seriousness of use of LSD during an unsworn statement, the prosecution could have offered section I of appellant's Air Force Form 2030 in rebuttal after presentation of the unsworn statement.

7. At first blush prosecution exhibit 3 may appear as good evidence of lack of rehabilitation potential. The exhibit shows that appellant was warned of the consequences of using illegal drugs and chose to ignore the warning. Howev-

The military judge erred in admitting this exhibit.

 After reviewing appellant's entire record, we find no prejudice from the erroneous admission of prosecution exhibit 3. When he admitted this exhibit, the military judge indicated that he was according it little weight. He stated:

> I'm not going to consider this form as establishing any kind of policy by the Air Force. I think the government is only offering it to show knowledge of this particular accused ... one to the fact that LSD is a dangerous drug. Now, how carefully he read this document, I will also take into consideration. We have a tendency to sign a lot of documents when we enter the service. Also, for the general proposition that the use of narcotics can lead to various consequences, administrative or criminal.

Even if we found the military judge's error prejudicial, we are convinced the military judge would have adjudged the same sentence absent the admission of prosecution exhibit 3. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990). Further, reviewing appellant's entire record and the particular circumstances of his offense, we find his sentence appropriate. Article 66(c), UCMJ.

After examining the record of trial, the assignment of errors, and the government's reply, we conclude that the findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the accused occurred. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Judges JAMES and JOHNSON concur.

er, this is not the type of evidence permitted under R.C.M. 1001(b)(5) as "Evidence of rehabilitation potential." Rehabilitation potential may only be shown "by testimony or oral deposition ... in the form of opinions concerning the accused's previous performance as a servicemember and potential for rehabilitation."