UNITED STATES

v.

Jacob C. COCHRANE, Electronics Technician Third Class (E–4), U.S. Navy.

NMCCA 200200743.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 31 May 2001.

Decided 12 March 2004.

Capt James D. Valentine, USMC, Appellate Defense Counsel.

LT C.C. Burris, JAGC, USNR, Appellate Government Counsel.

LCDR Timothy E. Curley, JAGC, USNR, Appellate Government Counsel.

Before DORMAN, Chief Judge, VILLEMEZ, and HARRIS, Appellate Military Judges.

HARRIS, Judge:

A military judge, sitting as a general court-martial, convicted the appellant pursuant to his pleas, of violating a lawful general regulation by wrongfully using chemicals with the intent to induce intoxication of the central nervous system, wrongful possession of lysergic acid diethylamide (LSD), wrongful possession of LSD with the intent to distribute, and wrongful distribution of LSD, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a. The appellant was sentenced to confinement for 2 years, reduction to pay grade E–1, total forfeiture of pay and allowances, and a bad-conduct discharge. The convening authority approved the adjudged sentence and, in an act of clemency, suspended confinement in excess of 21 months for 21 months from the date of trial.

We have carefully considered the record of trial, the appellant's two assignments of error, and the Government's response. We conclude that the findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Substance Abuse Prevention and Control Instruction Unconstitutionally Vague

In the appellant's first assignment of error, he asserts that Charge I and its Specification should be dismissed, because Paragraph 5c of Secretary of the Navy Instruction (SECNA-VINST) 5300.28C (24 Mar 1999), Military Substance Abuse Prevention and Control, is unconstitutionally void for vagueness as applied to his case. The provision the appellant challenges reads as follows:

> The *unlawful use* by persons in the [Department of the Navy] of controlled substance analogues (designer drugs), natural substances (e.g., fungi, excretions), chemicals (e.g., chemicals wrongfully used as inhalants), propellants, and/or a prescribed or over-the-counter drug or pharmaceutical compound, *with the intent to induce* intoxication *or* excitement, *or* stupefaction of the central nervous system, is prohibited. . . .

SECNAVINST 5300.28C at ¶ 5c (emphasis added). Implicit in the appellant's assignment of error is the argument that the specification fails to state an offense because it is unconstitutionally vague. The appellant also avers that upon dismissal we should reassess the sentence. Ever mindful that the requirements of the Due Process Clause are satisfied where the instruction under attack affords a service member "fair notice" that certain proscribed conduct is punishable, we find the appellant's position unavailing.

█ At trial, the appellant did not challenge the charge of violating Paragraph 5c of SECNAVINST 5300.28C as failing to state an offense, or that the instruction is unconstitutionally vague. Even though the appellant did not raise the issue at trial the issue is not waived, because the failure to state an offense is not waivable, RULE FOR COURTS-MARTIAL 907(b)(1)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). Accordingly, we do not apply waiver. *See United States v. Boyett*, 42 M.J. 150, 152 (C.A.A.F. 1995), *cert. denied*, 516 U.S. 917, 116 S.Ct. 308, 133 L.Ed.2d 212 (1995).

Although the Supreme Court has long-recognized that the military is by necessity and tradition a "specialized society," *Parker v. Levy*, 417 U.S. 733, 743, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), the reasons that set the military apart from the rest of American culture do not place service members beyond the reach of constitutional safeguards. *See United States v. Daniels*, 58 M.J. 599, 615 (N.M.Ct.Crim.App.2003)(Villemez, J., dissenting), *pet. granted*, 59 M.J. 224 (C.A.A.F. 2003). Consequently, the protections of the Due Process Clause are afforded to members of the Armed Forces such as the appellant. *United States v. Graf*, 35 M.J. 450, 454 (C.M.A.1992).

█ Among other things, the Due Process Clause mandates that an accused's guilt or

innocence be measured against objective, clearly understood standards of criminality. *United States v. Peszynski*, 40 M.J. 874, 878 (N.M.C.M.R.1994)(citing *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974)), *rev. denied*, 44 M.J. 270 (C.A.A.F. 1996). Standing shoulder to shoulder with the need for defined notions of culpability is the legal maxim that an accused must have "fair notice" that certain conduct is forbidden and subject to criminal sanction. *See Peszynski*, 40 M.J. at 878; *see also United States v. Bivins*, 49 M.J. 328, 330 (C.A.A.F.1998). To that end, criminal statutes and their implementing regulations must convey "fair notice" that engaging in proscribed activities invites punishment. *United States v. Vaughan*, 58 M.J. 29, 31 (C.A.A.F.2003)(concluding that a "service member must have 'fair notice' that his conduct [is] punishable")(quoting *Bivins*, 49 M.J. at 330).

■ Although general orders and regulations are not in and of themselves statutes, when a violation occurs and is charged under Article 92, UCMJ, 10 U.S.C. § 892, such orders and regulations are subject to the same rules of construction as are statutes and the punitive articles of the UCMJ. *See United States v. Womack*, 29 M.J. 88, 91 (C.M.A.1989)(evaluating the validity of military order on grounds of specificity and overbreadth). To be valid, a military order "must be a clear and specific mandate ... worded so as to make it specific, definite, and certain." *Id.* at 90 (citations omitted); *see also* MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), Part IV, ¶ 14.c.(2)(d).

■ Accordingly, Paragraph 5c of SECNAVINST 5300.28C will be evaluated pursuant to traditional constitutional standards for vagueness. "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).

In the case at bar, the appellant claims that Paragraph 5c of SECNAVINST 5300.28C provided him with insufficient notice as to "what precisely constitutes 'unlawful' behavior, since there are no sufficient definitions to avoid arbitrary or discriminatory prosecution." Appellant's Brief of 31 Jul 2003 at 2–3. The appellant also opines that there is a lack of case law for the order that establishes what is "unlawful" behavior involving the ingestion of chemicals. *Id.* at 3. In essence, the appellant contends that Paragraph 5c of SECNAVINST 5300.28C is unconstitutionally vague, because it does not place him on notice as to what constitutes criminal conduct. In effect, the appellant is implicitly characterizing Paragraph 5c of SECNAVINST 5300.28C as both indefinite and lacking in concrete enforcement standards.

The appellant was a 20–year–old petty officer assigned to the Naval Nuclear Power Training Command at Goose Creek, South Carolina. The appellant admitted to mixing, heating, and using a combination of cough syrup, ammonia, lighter fluid, and lemon juice on two occasions, and then ingesting it, after discovering the recipe on the Internet. The appellant also admitted during the providence inquiry that he did so with the intent to "induce intoxication, excitement, and stupefaction of the central nervous system." Record at 27. This conduct was charged as a violation of a lawful general order, namely, Paragraph 5c of SECNAVINST 5300.28C.

The appellant asserts that "[i]t is impossible to determine which conduct is 'unlawful' and therefore criminal and which is not under this order without guessing." Appellant's Brief of 31 Jul 2003 at 5. The appellant bases his assertion on the argument that Paragraph 5c of SECNAVINST 5300.28C prohibits the "unlawful" use of a substance with the intention of producing "excitement." *Id.* The appellant further reasons that Paragraph 5c of SECNAVINST 5300.28C is vague because the instruction does not clearly delineate what is and is not criminal. He argues there is no adequate definition of the term "unlawful" that is sufficient to put him on adequate notice of what is proscribed. *Id.* at 6–7.

This court determines one's guilt or innocence based on objective and clearly under-

stood standards of criminality. Further, we are ever mindful an accused is entitled to due process during the prosecution of his alleged unlawful actions. Applying those standards, as well as the constitutional principles addressed above, we conclude that the substantive portion of Paragraph 5c of SECNA-VINST 5300.28C is constitutionally sound and does not encourage either arbitrary or discriminatory enforcement. The instruction establishes a clear standard against which an individual's conduct is measured. The phrase "with the intent to induce intoxication or excitement, or stupefaction of the central nervous system" makes clear that a criminal intent is required, and that the "excitement" prohibited refers only to a drug-induced manipulation of the central nervous system. Additionally, when the instruction is viewed in terms of the proscribed conduct, we are certain that an individual in the appellant's position was offered "fair notice" of the distinctions between permissible and impermissible behavior, as defined within the instruction.

We find that the Secretary of the Navy has a legitimate and overriding interest in preventing the *unlawful* use by Department of the Navy personnel of controlled substance analogues, natural substances, chemicals, propellants, and/or prescribed or over-the-counter drug or pharmaceutical compounds, when those persons have the *intent* to induce intoxication or excitement, or stupefaction of the particular individual's central nervous system. We further find that the instruction is sufficiently tailored to protect that important Secretarial interest, and that the instruction does not needlessly infringe on any legitimate or lawful use of the aforementioned controlled substances where the user has *no intent* to induce either intoxication or excitement, or stupefaction of the central nervous system. We also find that the Secretary of the Navy's interest, as it pertains to this instruction, implicitly incorporates the same congressional interest and intent as the conduct Congress proscribed when it passed the Controlled Substances Act, 21 U.S.C. § 812, and Article 112a, UCMJ, 18 U.S.C. § 912a. The appellant's attempt to bootstrap any and all forms of inducements of "excitement" as being proscribed by the Sec-

retary of the Navy's instruction is rejected by this court.

Finally, we hold that Paragraph 5c of SECNAVINST 5300.28C is not unconstitutionally void-for-vagueness as applied to the appellant. We also find that the specification states an offense. Accordingly, we decline to grant relief.

### Sentencing Evidence

In the appellant's second assignment of error, he correctly asserts that the military judge erred by failing to exclude improper evidence on sentencing. The appellant also avers that this court should reassess the sentence. We do not agree that reassessment is required.

■ R.C.M. 1001(b) allows the prosecution to present the following matter in determining an appropriate sentence: (1) Service data from the charge sheet; (2) Personal data and character of prior service of the accused; (3) Evidence of prior convictions of the accused; (4) Evidence in aggravation; and, (5) Evidence of rehabilitative potential. Concerning evidence in aggravation, R.C.M. 1001(b)(4) permits evidence as to aggravating circumstances directly relating to or resulting from the offenses. However, statistics and testimony concerning the high level of similar crimes in the same unit or area are not admissible under R.C.M. 1001(b)(4). *United States v. Bartoletti*, 32 M.J. 419 (C.M.A.1991)(holding that evidence of other unrelated larcenies from automobiles in the appellant's command was inadmissible); *United States v. Ferrer*, 33 M.J. 96 (C.M.A.1991)(following *Bartoletti*, and holding inadmissible the testimony of a social worker concerning the number of similar crimes in an area).

■ In the appellant's case, the trial counsel called a Naval Criminal Investigative Service (NCIS) special agent on presentencing. His testimony included the following:

Q: Are you familiar with the accused in this case?

A: Yes, sir, I am.

Q: How so?

A: Last February I was called by the legal office at [Navy] Nuclear Power

Training Command to assist them in an investigation involving distribution and use of illegal drugs.

Q: Have you done other investigations regarding drugs t the [NNPTC]?

A: Yes, sir, I have.

Q: How big of a problem is drugs at the NNPTC?

Record at 59. The trial defense counsel objected, but the military judge overruled the objection. Record at 60. The trial counsel then continued his direct examination of the witness:

Q: Do you also speak to the commands in the local area regarding their concerns about the various levels of criminal activity?

A: Yes, sir, I do.

Q: Based on your training, experience and interaction with other criminal investigators, do you know how big a problem drugs is at the [NNPTC]?

A: We do have a problem in the Charleston area with that command and other naval commands.

Q: And based on your experience, the arrest made in this particular case, where does it rate in terms of the relative scale of severity of how much drugs was seized?

A: As far as the amount of drugs were seized, on a one to ten scale in the last 5 years, I've done the research, probably number 10, being the highest.

Q: This was the most drugs ever seized?

A: Yes, sir, since the [NNPTC] School has been in Charleston.

*Id.* at 60–61.

We review the military judge's ruling for an abuse of discretion. *United States v. Nash,* 44 M.J. 456, 457 (C.A.A.F.1996); *see United States v. Sullivan,* 42 M.J. 360, 363 (C.A.A.F.1995). We find that this is exactly the type of evidence that is prohibited under *Bartoletti* and *Ferrer.* However, in both *Bartoletti* and *Ferrer,* the court also held that the error was harmless or resulted in no prejudice to the accused. Although military judges are normally presumed to know and apply the law, *United States v. Prevatte,* 40 M.J. 396, 398 (C.M.A.1994), we do not apply that presumption to the appellant's case, due to the military judge's mistaken belief that the evidence was relevant. See *United States v. Kinman,* 25 M.J. 99, 101 (C.M.A. 1987) (holding that even military judges are subject to some limitations in their ability to avoid prejudicial use of admitted evidence); *see also United States v. Branoff,* 34 M.J. 612, 627 (A.F.C.M.R.1992)(concluding if there are no acknowledgements by the military judge that he would limit consideration of the evidence, the presumption that he knew and followed the law is less apt), *aff'd,* 40 M.J. 50 (C.M.A.1994).

The appellant asserts that he was prejudiced by the trial judge's consideration of the inadmissible evidence in that he received a disproportionate sentence of 2 years confinement. Appellant's Brief of 31 Jul 2003 at 9. We disagree with this assertion. We find that while it was error for the military judge to consider the aforementioned portions of the special agent's testimony dealing with drug investigations unrelated to the appellant's case, in light of the relatively lenient sentence adjudged by the military judge, the appellant suffered no resulting prejudice, and the error was harmless. As such, we decline to grant relief.

### Conclusion

Accordingly, we affirm the findings and the sentence, as approved by the convening authority.

Chief Judge DORMAN and Judge VILLEMEZ concur.